JEFFERY C. LONG, State Bar # 226618
SHAWN C. LOORZ, State Bar # 250985
**LEVANGIE LAW GROUP**
2021 N Street
Sacramento, CA 95811
Tel:  (916) 443-4849
Fax: (916) 443-4855
Email: Jeffery.long@llg-law.com

Attorneys for Defendant
PLACER ARC

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO P, a conserved adult; by and through her conservators MARIKO PESHON MCGARRY, RANDOLF PESHON and TERESA PESHON,<br><br>                Plaintiffs,<br><br>v.<br><br>ALTA CALIFORNIA REGIONAL CENTER, ON MY OWN INDEPENDENT LIVING SERVICES, INC. and PLACER ARC,<br><br>                Defendants. | CASE NO. 2:19-cv-00068-KJM-CKD<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date       : April 26, 2019<br>Time      : 10:00 a.m.<br>Courtroom : 3, 15th Fl.<br>Judge     : Kimberly J. Mueller<br><br>Complaint Filed:   1/1/19<br>Trial Date:   Not Assigned |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on April 26, 2019, at 10:00 a.m. in Courtroom 3 of the above-entitled Court located at 501 I Street, Sacramento, California, Defendant PLACER ARC will and hereby does move to dismiss Plaintiffs' Fourth claim for relief, charging retaliation under §504 of the Rehabilitation Act of 1973, Plaintiffs' Fifth Cause of Action charging retaliation under Title II of the Americans with Disabilities Act and Plaintiffs' demand for punitive damages, as contained in Paragraph 77 of Plaintiffs' Third Cause of Action charging negligent supervision.

/ / /

1    Defendant PLACER ARC's Motion to Dismiss is made pursuant to Rule 12(b)(6) of the

2   Federal Rules of Civil Procedure.   Defendant's Motion to Dismiss is based on this Notice of

3   Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file in this

4   matter and upon any oral argument that the Court may allow.

5   DATED:   March 28, 2019                    **LEVANGIE LAW GROUP**

6

7                                                                  By:

8                                                                       JEFFERY C. LONG
                                                                        Attorneys for Defendant
9                                                                       PLACER ARC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JEFFERY C. LONG, State Bar # 226618
   SHAWN C. LOORZ, State Bar # 250985
2  **LEVANGIE LAW GROUP**
   2021 N Street
3  Sacramento, CA 95811
   Tel:  (916) 443-4849
4  Fax: (916) 443-4855
   Email: Jeffery.long@llg-law.com
5
   Attorneys for Defendant
6  PLACER ARC

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 KIMIKO P, a conserved adult; by and through        CASE NO. 2:19-cv-00068-KJM-CKD
   her conservators MARIKO PESHON
12 MCGARRY, RANDOLF PESHON and               **MEMORANDUM OF POINTS AND**
   TERESA PESHON,                            **AUTHORITIES IN SUPPORT OF**
13                                           **MOTION TO DISMISS**
                       Plaintiffs,
14                                           Date        : April 26, 2019
   v.                                        Time        : 10:00 a.m.
15                                           Courtroom   : 3, 15th Fl.
   ALTA CALIFORNIA REGIONAL CENTER,
16 ON MY OWN INDEPENDENT LIVING              Complaint Filed:   1/1/19
   SERVICES, INC. and PLACER ARC,            Trial Date:   Not Assigned
17
                       Defendants.
18

19        Pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, Defendant PLACER

20 ARC submits the following Motion to Dismiss the fourth cause of action of Plaintiff's complaint

21 charging violation of Section 504 of the Rehabilitation Act and the fifth cause of action of

22 Plaintiff's complaint charging violation of Title II of The Americans With Disabilities Act.

23 Defendant PLACER ARC further moves to dismiss Plaintiff's request for punitive damages,

24 which is based on negligent supervision and which is not part of Plaintiff's prayer for relief.

25                     **I.   STATEMENT OF FACTS**

26        Plaintiff KIMIKO P. is a mentally disabled adult.  (Plaintiff's Complaint, ¶ 4) During the

27 period 2015-November 2017, Plaintiff attended the adult day program at PLACER ARC.

28 (Plaintiff's Complaint, ¶ 27, 43-44) PLACER ARC is a non-profit private entity that operates an

1    adult day care program.  PLACER ARC is not a public entity. (Plaintiff's Complaint, ¶8) As

2    Plaintiff's complaint further alleges, "Lanterman Act eligible adults attend the Placer ARC

3    program to increase vocational training, daily living practices, health and fitness, cognitive

4    growth and other aspects of independent living." (Plaintiff's Complaint, ¶8)

5        Plaintiff's complaint against PLACER ARC charges negligent supervision, retaliation

6    under Section 504 of the Rehabilitation Act of 1973 and Retaliation under Title II of the

7    Americans With Disabilities Act. Plaintiff appears to seek punitive damages in the body of her

8    complaint against PLACER ARC (Plaintiff's Complaint, ¶ 77), but her prayer for relief lacks a

9    demand for punitive damages as well as any sufficient facts to support a claim for punitive

10   damages.

11       Plaintiff cannot state any viable claim against PLACER ARC under the Americans With

12   Disabilities Act because PLACER ARC is not a public entity to whom Title II of the act applies.

13   Although Plaintiff bases her claim charging PLACER ARC's violation of the §504 of the

14   Rehabilitation Act of 1973 upon its conclusory allegations that PLACER ARC is a so called

15   "direct recipient" of federal funds, such a conclusion is not buttressed by any actual facts.  The

16   fact that PLACER ARC receives funding in association with the Lanterman Act; a California law

17   pertaining to the placement of individuals with disabilities, does not compel the conclusory

18   assertion that PLACER ARC was a direct recipient of federal funds. As discussed more fully

19   below, PLACER ARC's motion to dismiss should be granted

20                            **II.  LEGAL ARGUMENT**

21       **A.      STANDARD OF REVIEW**

22       A motion to dismiss should be granted under Rule 12(b)(6) if the complaint does not

23   allege facts sufficient to "raise a right to relief above a speculative level…" *Bell Atl. Corp. v.*

24   *Twombly*, 550 U.S. 544, 555 (2007).  This requires more than "[t]hreadbare recitals of elements

25   of a cause of action, supported by mere conclusory statements…" *Ashcroft v. Iqbal*, 129 S. Ct.

26   1937, 1949 (2009).  Rather, "the complaint must contain sufficient factual matter, accepted as

27   true, to state a claim to relief that is plausible on its face." (*Id.*) (internal quotation marks

28

1   omitted).  "A claim has facial plausibility when the factual content allows the court to draw the

2   reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*).

3          In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all factual

4   allegations in the complaint as true and view them in light most favorable to the plaintiff. *Fayer*

5   *v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).  This "assumption of truth" is "inapplicable to

6   legal conclusions." (*Iqbal*, 129 S. Ct. at 1949.) Plaintiffs' allegations do not come close to

7   meeting the *Iqbal* standard; rather the federal claims insufficiently allege retaliation and are

8   entirely lacking in factual support

9          **B.     DEFENDANT PLACER ARC' MOTION TO DISMISS PLAINTIFF'S

10                 FOURTH CAUSE OF ACTION CHARGING RETALIATION UNDER
           SECTION 504 OF THE REHABILITATION ACT SHOULD BE

11                 GRANTED**

12          In order to state a claim under Section 504 of the Rehabilitation Act, the plaintiff must

13   show that he or she: (1) is a handicapped person under the Act; (2) is otherwise qualified; (3) the

14   relevant program receives federal financial assistance; and (4) the defendants impermissibly

15   discriminated against him or her on the basis of the handicap.  *Drawsand v. F.F. Props., L.L.P.*,

16   866 F. Supp. 2d 1110 (N.D. Cal. 2011)

17          In this case, Plaintiff asserts, in vague and conclusory fashion, that "Defendants are direct

18   recipients of federal financial assistance" (Plaintiff's Complaint, ¶ 79).  Significantly, however,

19   Plaintiff does not specifically identify PLACER ARC as a recipient of federal funding or provide

20   any facts pertaining to the details of the alleged federal funding.   Plaintiff alleges that PLACER

21   ARC received funding under the Lanterman Act.   The fact that PLACER ARC received funding

22   under the Lanterman Act, a state statute, fails to demonstrate (and in fact contradicts) that it is a

23   so-called "direct recipient of federal funding" sufficient to establish liability under the

24   Rehabilitation Act.   Because there are no facts sufficient to support Plaintiff's bald allegation

25   that PLACER ARC is a direct recipient of Federal funding, Defendant's motion to dismiss

26   should be granted.

27   / / /

28   / / /

### C. DEFENDANT PLACER ARC' MOTION TO DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION CHARGING RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT SHOULD BE GRANTED

The ADA prohibits discrimination in three areas: employment ("Title I"); public services ("Title II"); and public accommodations ("Title III"). See *Van Hulle v. Pacific Telesis Corp*., 124 F.Supp.2d 642, 644 (N.D. Cal. 2000); *Stern v. California State Archives* (E.D.Cal. 1997) 982 F.Supp. 690, 692-693. As Plaintiff's complaint admits, PLACER ARC is not a public entity, (See Plaintiff's Complaint, ¶8: "Placer ARC is a private entity not subject to State Sovereign Immunity Claims.") Hence, Plaintiff's reliance on Title II of the ADA is inapplicable. In short, the ADA's anti-retaliation provision <u>does not apply</u> to defendants who are neither employers nor public entities. *Van Hulle v. Pacific Telesis Corp*., 124 F.Supp.2d 642, 644 (N.D. Cal. 2000)

Nor can Plaintiff allege that PLACER ARC retaliated against Plaintiff as a place of "public accommodation". In *Van Hulle v. Pacific Telesis Corp*., 124 F.Supp.2d 642, 644 (N.D. Cal. 2000) the plaintiff sued both his employer and health insurer for violation of the Americans with Disabilities Act, alleging that his insurer Cigna, and his employer, Pacific Telesis, each retaliated against him under the ADA. Plaintiff alleged that his employer retaliated in response to his filing a charge of discrimination against them with the Equal Employment Opportunity Commission ("EEOC"). He contended that the insurer discriminated based on the failure to modify policies and procedures by a place of public accommodation in violation of 42 U.S.C. § 12182 ("Title III" or "Subchapter III"); and retaliated in violation of 42 U.S.C. § 1220. The court, relying on *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000) held that there was no viable ADA retaliation claim against either the employer or Cigna. With respect to Cigna, the court concluded that no ADA claim existed in that for there to be discrimination in connection with goods or service offered by a "place of public accommodation" requires a "connection between the good or service complained of and an actual physical place." *Id.* at 644.

In the instant case, Plaintiff is not complaining about discrimination or retaliation at PLACER ARC's business premises in connection with the nature of the goods or service provided. Rather, the gravamen of Plaintiff's claim is that Plaintiff was removed from the

1   program in retaliation for Plaintiff's complaints against the PLACER ARC program.  Because

2   Plaintiff's fifth cause of action charging retaliation   has nothing to do with any of the three areas

3   specifically addressed by the ADA, and certainly does not relate to public services under Title II

4   as alleged in the complaint, Plaintiff's ADA claim fails as a matter of law.

5        **D.**    **THE COURT SHOULD DISMISS PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES SINCE PLAINTIFFS' DEMAND FOR PUNITIVE DAMAGES IS IMPROPERLY PLEAD AND NOT SUPPORTED BY ANY FACTS**

6   

7           **1.**  **Plaintiff's Complaint is Based on Negligence Only, and Does not Allege Either Malice or Misfeasance**

8   

9         Plaintiff KIMIKO P., in her cause of action charging **negligent supervision** unavailingly

10  alleges entitlement to punitive damages based on a boilerplate allegation of purported "willful

11  and conscious disregard of Plaintiff's right to be safe".  (Plaintiff's Complaint, ¶77) Plaintiff

12  vaguely asserts that PLACER ARC failed to keep Plaintiff safe.  Because Plaintiff's Complaint is

13  devoid of facts demonstrating any entitlement to punitive damages against PLACER ARC,

14  PLACER ARC's Motion to Dismiss and/or strike the punitive damage allegations should be

15  granted.

16        The law does not favor punitive damages.  Punitive damages should be allowed only in

17  the clearest of cases.  *Henderson v. Security Nat. Bank* (1977) 72 Cal.App.3d. 764.  In order to

18  withstand legal scrutiny, a complaint seeking punitive damages must allege **specific facts** that

19  manifest an evil motive on the part of the Defendant who injured the Plaintiff.  In order words,

20  the malice central to an award of exemplary damages requires an evil motive or intent; it denotes

21  ill-will on the part of the Defendant, which is designed to do harm for the mere satisfaction of

22  doing it.  *Henderson, supra at pp.771-772.*

23        Under California law, a plaintiff seeking punitive damages must prove "that the defendant

24  has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294; *see also Food Pro*

25  *Internat'l Inc. v. Farmers Ins. Exch.*, 169 Cal. App. 4th 976, 994, (2008) (stating that, to award

26  punitive damages, a court must find that "the defendant's acts are reprehensible, fraudulent or in

27  blatant violation of law or policy").

28  / / /

1       A claim for punitive damages cannot be plead generally.  Rather, allegations that a

2   particular defendant acted with "oppression, fraud, or malice" toward plaintiff alleges merely a

3   legal conclusion.  Absent specific factual allegations, that a defendant acts oppressively,

4   fraudulently, or maliciously toward the plaintiff, the complaint, under California law, is subject

5   to a motion to strike the punitive damage claims.  *Brousseau v. Jarrett* (1977) 73Cal.App.3d.

6   864; *Faulkner v. Cal Toll Bridge Authority* (1953) 40 Cal.2d. 317, 329.

7       Courts uniformly recognize that proof of negligence, even gross negligence or

8   recklessness is insufficient to warrant an award of punitive damages.  *Smith v. Superior Court*

9   (1992) 10 Cal.App.4th 1033, 1041; *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co,*

10  *(1986) 185 Cal.App.3d. 1149; Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, 872*; G.D. Searle*

11  *& Co. v. Superior Court (*1975) 49 Cal.App.3d 22*.*

12      In *New v. Consolidated Rock Products Co.* (1985) 171 Cal.App.3d 681, the court noted

13  that willful or wanton misconduct is interchangeable with the charging allegation of reckless

14  disregard.  Further, a conclusory statement that a defendant acted willfully or recklessly is

15  insufficient.  *Nazar v. Rodeffer* (1986) 184 Cal.3d 546, 553.  Detailed pleading of the specific

16  wrongful acts is required to establish the factual basis to support a claim for punitive damages.

17  *Emery v. Emery* (1955) 45 Cal.2d 421, 424.

18      Notably, in *G.D. Searle & Co v. Superior Court, supra*, 1149 Cal.App.3d. 22, allegations

19  that a defendant drug manufacturer knew that its product was a type that could cause injury and

20  put it on the market, notwithstanding this knowledge, was held insufficient such that the

21  Appellate Court issued a preemptory writ directing the Superior Court to sustain a demurrer, in

22  part, because of conclusory allegations relating to punitive damages:

23         Notwithstanding the relaxed pleading criteria, certain tortious
injuries demand firm allegations. . .  when the plaintiff alleges an

24         intentional wrong, a prayer for exemplary damage be supported by
proving that the wrong was committed willfully with the design to

25         injure.  (Citation omitted).  When non-deliberate injury is charged,
allegations of the Defendant's conduct was wrongful, willful,

26         wanton, reckless or unlawful do not support a claim for exemplary
damages;  such allegations do not charge malice.  (Citation

27         omitted).  When a Defendant must produce evidence in the defense

28  / / /

> of an exemplary damage claim, fairness demands that he receive adequate notice of the kind of conduct charged against him.

*Id*. at 29.

In *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co., supra* 185 Cal.App.3d. 49, the defendant title insurance company breached its duty as an escrow holder to the plaintiff by disbursing investment funds to an unauthorized borrower.   Plaintiff asserted claims for conversion, negligence and breach of fiduciary duty against the Title Insurance Company.   The Court of Appeal reversed the award of punitive damages, having held that the Title Company's conduct was not sufficiently outrageous.

> Punitive damages are appropriate if the defendant's acts are reprehensible, fraudulent or in blatant violation of the law or policy.   The mere carelessness or ignorance of the defendant does not justify the imposition of punitive damages.   Unhappily, as a society, we must tolerate without added retribution, these all too common lapses in ourselves.   Punitive damages are proper only when the tortious conduct rises to levels of extreme indifference to the Plaintiff's rights, a level which decent citizens should not have to tolerate.   The jury's decision to avoid punitive damages is entitled to great weight, but we must review the entire record to see if there is substantial evidence from which the jury could conclude that the acts of defendants reached the level of outrage and reprehensibility to justify the award.  (Citation omitted).

*Id.* at 1153.

As the court in *Delaney v. Baker* (1999) 20 Cal.4th 23 emphasized, the enhanced remedies available under Welfare & Institutions Code section 15657 are not available where the defendants conduct is merely negligent.   Indeed, the enhanced remedies require extremely <u>egregious conduct</u>.     Gross negligence is insufficient.   *Id.*   In the present case, plaintiff's complaint alleges nothing more than ordinary negligence, at the very worst. By failing to include an actual prayer for punitive damages in their complaint, plaintiffs tacitly acknowledge that the facts do not warrant the imposition of punitive damages

### 2.   Plaintiff has Not, and Cannot Allege Ratification of Misconduct by a Managing Agent

Punitive damages cannot be awarded for wrongful acts committed by a business unless there is evidence that the entity authorized or ratified another person's wrongful conduct or knew

1   in advance that an employee/individual was likely to commit such acts and employed or engaged

2   him or her with conscious disregard of the rights or safety of others. *Roby v. McKesson Corp.*

3   (2009) 47 Cal.App.4th 686, 714. In fact, if the defendant is a business entity, like PLACER ARC

4   is in the instant case, it must be shown that the authorization, ratification, advance knowledge or

5   malice was on the part of an officer, director, partner or managing agent of the corporation. (Civil

6   Code § 3294(b)). See, *Ebaugh v.* Rabkin (1972) 22 Cal.App.3d 891. Significantly, facts must be

7   pled specifically and not generally in order to establish authorization or ratification. *Grieves v.*

8   *Superior Court* (1984) 157 Cal.App.3d 159.

9       Curiously, Plaintiff's Complaint is devoid of any description as to how and when

10  PLACER ARC purportedly learned of the alleged assault upon Plaintiff. Nor are there any facts

11  alleged describing how or when or by whom - PLACER ARC purportedly ratified the alleged

12  wrongful conduct.

13      The gravaman of Plaintiffs' demand for punitive damage in this case emanates from

14  alleged molestation by third parties whom Plaintiff purportedly met online. However, PLACER

15  ARC cannot be held liable for the sexual torts of unknown third parties. See, *Farmers Ins.*

16  *Group v. County of Santa Clara* (1995) 11 Cal.4th 992. Moreover, as noted above, Plaintiff has

17  not alleged ratification or advance knowledge by any managing agent of the corporation. See

18  Civil Code §3294(b). Because Plaintiff improperly seeks punitive damages flowing from

19  activities not attributable to PLACER ARC, Plaintiffs' Complaint does not even come close to

20  approaching the threshold necessary for the imposition of punitive damages. *Brousseau v.*

21  *Jarrett, supra 73 Cal.App.3d. 864.*

22      Hence, Defendants Motion to Dismiss must be granted.

23                          **III.    CONCLUSION**

24      Based on the authorities discussed herein, Defendant PLACER ARC respectfully requests

25  the order of the Court granting its Motion to Dismiss, without leave to amend.

26  / / /

27  / / /

28  / / /

1    DATED:   March 28, 2019                     **LEVANGIE LAW GROUP**

2

3                                    By:
                                         JEFFERY C. LONG
4                                        Attorneys for Defendant
                                         PLACER ARC
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         9

*Kimiko v. Alta California Regional Center*
United States District Court Eastern District of California 2:19-cv-00068-KJM-CKD

### PROOF OF SERVICE

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding. My business address is 2021 N Street, Sacramento, California, 95811, which is located in the county in which the within-mentioned service occurred.

On this date, I served the following document(s): **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**; and to each addressee named below:

Richard Ruderman
Ruderman & Knox, LLP
1300 National Drive, Ste. 120
Sacramento, CA 95834
rick@rudermanknox.com
Telephone: (916 563-0100
Fax: (916) 563-0114
**ATTORNEY FOR PLAINTIFF**

[X]     (EFC) A true copy of said document(s) was/were e-filed with the U.S. District Court, Eastern District of California.  Once e-filed, these documents are transmitted through the court's ECF server to the interested parties to this action.

Executed on March 28, 2019, at Sacramento, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.


Holly Marquard

MOTION TO DISMISS