UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIMIKO P.,

    Plaintiff,

v.

ALTA CALIFORNIA REGIONAL CENTER, et al.,

    Defendants.

No. 2:19-cv-0068-KJM-CKD

ORDER

Defendant Placer ARC's motion to dismiss plaintiff's complaint under Rule 12(b)(6) is before the court. For the reasons set out below, the court GRANTS defendant's motion.

I.    BACKGROUND

Plaintiff, Kimiko P., a conserved adult with autism, filed this suit through her conservators against defendants Alta California Regional Center, On My Own Independent Living Services, Inc., and Placer ARC, alleging, *inter alia*, violations of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[1]

---

[1] "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the

1

1    Defendant Placer ARC moved to dismiss the complaint on March 28, 2019, Mot., ECF No. 12, and plaintiff filed a First Amended Complaint (FAC)on April 18, 2019, ECF No. 18. In response, the court ordered the parties to file a joint statement addressing whether the motion to dismiss was rendered moot by the First Amended Complaint (FAC). ECF No. 19. The parties filed a report stating they agreed "[t]he only portion of the Motion to Dismiss that was not made moot by the First Amended Complaint is Section C, which is entitled 'DEFENDANT PLACER ARC'S MOTION TO DISMISS PLAINTIFF'S FOURTH CAUSE OF ACTION CHARGING RETALIATION UNDER SECTION 504 OF THE REHABILITATION ACT SHOULD BE GRANTED.'" ECF No. 22 at 2. There are two errors in this statement: first, the quoted text is the title of Section B, not Section C, of defendant's motion to dismiss, Mot. at 5; second, plaintiff's original complaint, the subject of the motion to dismiss, only contained a claim for violation of § 504, not retaliation, ECF No. 1 at 1. This creates some confusion, because the operative complaint contains both a claim for retaliation under § 504 and a claim for violation of § 504. FAC at 14, 16. Based on the parties' representations at hearing, and because defendant's argument goes to the viability of any § 504 claim, the court treats defendant's motion as a challenge to plaintiff's first and second claims under § 504.

Plaintiff opposes defendant's motion, ECF No. 27, and defendant has replied, ECF No. 30. The court heard oral argument on the motion on June 28, 2019, and resolves it here.

I.  LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court may grant the motion only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (citation omitted). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual

---

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."

matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action," and conclusory statements do not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept well-pled factual allegations as true and construe the complaint in plaintiff's favor. *Twombly*, 550 U.S. at 555; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citations omitted).

If a plaintiff requests leave to amend a claim subject to dismissal, the federal rules mandate that leave "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Before granting leave, a court considers any potential bad faith, delay, or futility regarding the proposed amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citation omitted).

III. DISCUSSION

Defendant Placer ARC argues plaintiff's claims against it for violation of § 504 of the Rehabilitation Act should be dismissed because plaintiff has not alleged sufficient facts to show defendant receives federal financial assistance, a necessary element of a § 504 claim. Mot. at 5 (citing *Drawsand v. F.F. Props., L.L.P.,* 866 F. Supp. 2d 1110 (N.D. Cal. 2011)); *see also U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 607 (1986), *superseded by statute on other grounds as stated in Anderson v. USAir, Inc.*, 818 F.2d 49, 53 (D.C. Cir. 1987). In opposition, plaintiff maintains it has sufficiently pled defendant is the recipient of federal funds, and points to the following facts alleged in its First Amended Complaint:

1. Alta California Regional Center is a recipient of federal funds. FAC ¶ 5.
2. Alta California Regional Center purchased services with state and federal dollars from private businesses and private non-profit entities such as Placer ARC to support individuals served under California Welfare and Intuitions Code section 4500 *et seq*. *Id.*
3. Placer ARC is contracted with Alta California Regional Center to provide adult day program services. *Id.* ¶ 8.

3

1 4. Plaintiff is served by Alta California Regional Center. *Id.* ¶ 13.

2 5. Placer ARC is a non-profit entity that runs an adult day program. *Id.* ¶ 8.
*See* Opp'n, ECF No. 27, at 4–5.

Federal financial assistance, as that term is used in the Rehabilitation Act, can be direct or indirect. *Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1381 (9th Cir. 1995) (citing *Jacobson v. Delta Airlines, Inc.*, 742 F.2d 1202, 1211 (9th Cir. 1984)). "Payments that include a subsidy constitute 'Federal financial assistance' within the meaning of the Rehabilitation Act," however "purely compensatory payments do not." *Jacobson*, 742 F.2d at 1209; *see also Logan v. United States*, 103 F.3d 139 (9th Cir. 1996) ("[T]he Rehabilitation Act covers only the recipients of federal financial assistance and not the recipients of compensatory payments for services." (citations omitted)). Thus, entities that receive federal funding via government procurement contracts are generally not considered recipients of federal financial assistance under the Rehabilitation Act. *See Jacobson*, 742 F.2d at 1209 ("The Department of Health, Education and Welfare, the agency charged by the Executive with coordinating the issuance of regulations under the Rehabilitation Act . . . has interpreted the term 'Federal financial assistance' not to include government procurement contracts . . . .") (citing 45 C.F.R. § 84.3(h)[2] (1983)). Ultimately, the question is "whether the government intended to provide assistance or merely to compensate." *Id.* at 1210.

Here, plaintiff has not alleged facts sufficient to suggest Placer ARC receives a federal subsidy. Rather, plaintiff alleges Placer ARC receives federal funds through its contract with Alta California Regional Center, and those funds are used to compensate Placer ARC for its services providing an adult day program, FAC at ¶ **5** ("Alta California Regional Center purchases services with state and federal dollars from private businesses and private non-profits entities such as . . . Placer ARC . . . ."). Under these facts, Placer ARC is not a recipient of federal assistance under the Rehabilitation Act. *See Jacobson*, 742 F.2d at 1209. Therefore, plaintiffs

---

[2] "Federal financial assistance means any grant, loan, contract (other than a procurement contract or a contract of insurance or guaranty), or any other arrangement by which the Department provides or otherwise makes available assistance . . . ." 45 C.F.R. § 84.3(h)(2005).

has not sufficiently pled a violation of § 504 of the Rehabilitation Act claim against defendant Placer ARC. The motion to dismiss plaintiff's § 504 claims is GRANTED.

IV. LEAVE TO AMEND

Plaintiff's pleading is not deficient because it is "threadbare," *see Iqbal*, 556 U.S. at 678, but because the facts alleged show Placer ARC is not the type of entity subject to the Rehabilitation Act. Therefore, granting leave to amend to supplement these facts would likely be futile. Moreover, plaintiff has already amended her complaint with the benefit of having seen Placer ARC's motion to dismiss, suggesting she was not able to add additional facts to remedy this issue raised therein. *See* First Am. Compl. (filed April 18, 2019); Mot. (filed March 28, 2019). However, given the Ninth Circuit's liberal standard for granting leave to amend, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citations omitted), and the fact that plaintiff has not had the benefit of extensive discovery, the court GRANTS plaintiff leave to amend her § 504 claims against Placer ARC, if she is able to do so in compliance with Rule 11.

V. CONCLUSION

For the foregoing reasons, plaintiff's first and second claims for violations of § 504 against Placer ARC are DISMISSED with leave to amend. Plaintiffs may file an amended complaint within 14 days of this order. This order resolves ECF No. 12.

IT IS SO ORDERED.

DATED: July 9, 2019.

_____
UNITED STATES DISTRICT JUDGE