| | |
|---|---|
| F. Richard Ruderman (SB No. 142226)<br>Christian M. Knox (SB No. 171780)<br>**Ruderman & Knox, LLP**<br>1300 National Drive, Ste. 120<br>Sacramento, CA 95834<br>Telephone: (916) 563-0100<br>Facsimile: (916) 563-0114<br><br>Daniel R. Shaw (SB No. 281387)<br>daniel@shawfirm.com<br>**Shaw Firm**<br>3196 S. Higuera St. Suite E<br>San Luis Obispo, CA 93401<br>Telephone: (805) 439-4646<br>Facsimile: (805) 301-8030<br><br>Attorneys for Plaintiff | CYNTHIA LAWRENCE (SBN 148927)<br>BRIAN PLUMMER (SBN 240210)<br>SIMS, LAWRENCE & ARRUTI<br>1891 E. Roseville Pkwy, Ste. 180<br>Roseville, CA 95661<br>Telephone: (916) 797-8881<br>Facsimile: (916) 253-1544<br><br>Attorneys for Defendant<br>ALTA CALIFORNIA REGIONAL CENTER<br><br>DAVID F. BEACH, ESQ. (SBN 127135)<br>beach@perrylaw.net<br>OSCAR A. PARDO, ESQ. (SBN 249955)<br>pardo@perrylaw.net<br>SARAH JANE TRUONG (SBN 314966)<br>PERRY, JOHNSON, ANDERSON,<br>MILLER & MOSKOWITZ, LLP<br>438 First Street, Fourth Floor<br>Santa Rosa, CA 95401<br>Telephone: (707) 525-8800<br>Facsimile: (707) 545-8242<br><br>Attorneys for Defendant<br>ON MY OWN INDEPENDENT<br>LIVING SERVICES, INC.<br><br>JEFFERY C. LONG, State Bar # 226618<br>Jeffery.long@llg-law.com<br>SHAWN C. LOORZ, State Bar # 250985<br>Shawn.loorz@llg-law.com<br>**LEVANGIE LAW GROUP**<br>2021 N Street<br>Sacramento, CA 95811<br>Tel: (916) 443-4849<br>Fax: (916) 443-4855<br><br>Attorneys for<br>Defendant<br>PLACER ARC |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Kimiko P., a conserved adult; by and through her conservators Mariko Peshon McGarry, Randolph Peshon, and Teresa Peshon,

Plaintiffs,

v.

Alta California Regional Center, On My Own, and Placer ARC,

Defendants.

NO. 2:19-cv-00068-KJM-CKD

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of Confidential Materials in this matter be made pursuant to the terms of this Protective Order.

GOOD CAUSE APPEARING, the parties stipulate, through their attorneys of record, to the entry of an order as follows:

In order to facilitate the exchange of information and documents during the course of discovery, which may be subject to confidentiality and extremely sensitive and private limitations due to federal laws, state laws, and privacy rights, the Parties are hereby ordered to comply with the terms of the following Protective Order:

1. In this Protective Order, the words set forth below shall have the following meanings:

   a. "Proceeding" means the above-entitled proceeding.

   b. "Court" means the Hon. Kimberly J. Mueller, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

   c. "Confidential" means any information which is in the possession of a Designating

Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

    e. "Designating Party" means the Party that designates Materials as "Confidential."

    f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g. "Documents" means (i) any "Writing," "Original," and "Duplicate," which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    h. "Information" means the content of Documents or Testimony.

    i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3. The entry of Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial

proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of

such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections. If Counsel for the Designating Party fails to agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections then the Objecting Party shall file a motion with the Court within sixty days of service of the Designation Objections seeking to overrule any or all designations on Documents, Testimony or Information

-5-
[PROPOSED] STIPULATED PROTECTIVE ORDER

addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the Court, counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   a. The named parties and their employees, representatives and agents who are deemed necessary to the prosecution or defense of that party's position in this litigation;

   b. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding;

   c. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

   d. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

   e. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials;

   f. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

    g.      any other person that the Designating Party agrees to in writing.

Prior to receiving any Confidential Materials, each "qualified person," as defined herein shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A. The attorneys of record shall maintain a file of all nondisclosure agreements signed by a representative of each law firm on behalf of counsel for each party who have received access to Confidential Materials. Additionally, the attorneys of record shall maintain a file of nondisclosure agreements signed by any "qualified persons" receiving access to Confidential Materials. Said file shall be made available upon request for inspection and copying by any attorney of record, except as to non-testifying experts and consultants, absent good cause shown. The failure of any person or entity to execute a nondisclosure agreement shall not relieve any recipient of Confidential Material from compliance with the provisions of this Order.

8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a.      operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b.      prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

          i.      to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as

|   |     | "Confidential" under the terms of this Stipulation and Protective Order; or |
|---|-----|---|
|   | ii. | to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information. |

11. Nothing in this Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

12. If, after execution of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

13. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

14. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding, the same shall be submitted to the Court with a Request to Seal Documents in compliance with Federal Rule of Civil Procedure 5.2 and Eastern District Local Rule 141.

15. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

16. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other

| | |
|---|---|
| 1 | appropriate judicial action with respect to any ruling made by the Court concerning the issue |
| 2 | of the status of Protected Material. |

17. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

18. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

IT IS SO ORDERED, with the following amendments and clarifications:

1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: July 31, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Attachment A
NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered into in Kimiko P., a conserved adult; by and through her conservators Mariko Peshon McGarry, Randolph Peshon, and Teresa Peshon, v. Alta California Regional Center, On My Own, and Placer ARC, United States District Court for the Eastern District of California, Civil Action No. 2:19-cv-00068-KJM-CKD, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED:

By: _____