JEFFERY C. LONG – State Bar # 226618
SHAWN C. LOORZ – State Bar # 250985
**LEVANGIE LAW GROUP**
2021 N Street
Sacramento, CA 95811
Tel:  (916) 443-4849
Fax: (916) 443-4855
Email: jeffery.long@llg-law.com

Attorneys for Defendant
PLACER ARC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO P., a conserved adult; by and through her conservators MARIKO PESHON MCGARRY, RANDOLF PESHON and TERESA PESHON,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ALTA CALIFORNIA REGIONAL CENTER, ON MY OWN INDEPENDENT LIVING SERVICES, INC. and PLACER ARC,<br><br>　　　　　　　　　Defendants. | CASE NO. 2:19-cv-00068-KJM-CKD<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date　　　 : September 6, 2019<br>Time　　　 : 10:00 a.m.<br>Courtroom : 3, 15th Fl.<br>Judge　　　: Kimberly J. Mueller<br><br>Complaint Filed:   1/1/19<br>Trial Date:   Not yet assigned. |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

　　　PLEASE TAKE NOTICE that on September 6, 2019, at 10:00 a.m. in Courtroom 3 of the above-entitled Court located at 501 I Street, Sacramento, California, Defendant PLACER ARC will and hereby does move to dismiss the following portions of Plaintiffs' Second Amended Complaint: (1) First Cause of Action charging violation of §504 of the Rehabilitation Act of 1973; and (2) Second Cause of Action charging retaliation under §504 of the Rehabilitation Act of 1973.

　　　Defendant PLACER ARC's Motion to Dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant's Motion to Dismiss is based on this Notice of

Motion, the accompanying Memorandum of Points and Authorities, the pleadings on file in this matter and upon any oral argument that the Court may allow.

DATED:   August 6, 2019                    **LEVANGIE LAW GROUP**


                                           By:  /s/ Jeffery C. Long_____
                                               JEFFERY C. LONG
                                               Attorneys for Defendant
                                               PLACER ARC

JEFFERY C. LONG – State Bar # 226618
SHAWN C. LOORZ – State Bar # 250985
**LEVANGIE LAW GROUP**
2021 N Street
Sacramento, CA 95811
Tel: (916) 443-4849
Fax: (916) 443-4855
Email: jeffery.long@llg-law.com

Attorneys for Defendant
PLACER ARC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO P., a conserved adult; by and through her conservators MARIKO PESHON MCGARRY, RANDOLF PESHON and TERESA PESHON,<br><br>Plaintiffs,<br><br>v.<br><br>ALTA CALIFORNIA REGIONAL CENTER, ON MY OWN INDEPENDENT LIVING SERVICES, INC. and PLACER ARC,<br><br>Defendants. | CASE NO. 2:19-cv-00068-KJM-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT**<br><br>Date        : September 6, 2019<br>Time        : 10:00 a.m.<br>Courtroom : 3, 15th Fl.<br>Judge       : Kimberly J. Mueller<br><br>Complaint Filed:   1/1/19<br>Trial Date:   Not yet assigned. |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant PLACER ARC submits the following Motion to Dismiss the first and second causes of action of Plaintiffs' Second Amended Complaint charging violations of §504 of the Rehabilitation Act and retaliation under §504 of the Rehabilitation Act respectively. In short, Plaintiffs have not cured the defects in these causes of action that led to this Court's granting of the initial Motion to Dismiss these claims and, as such, they should be dismissed from the Second Amended Complaint without leave to amend.

##### I. STATEMENT OF FACTS

Plaintiff KIMIKO P. is a mentally disabled adult. (Plaintiff's Second Amended Complaint, ¶4) During the period 2015-November 2017, Plaintiff attended the adult day program

at PLACER ARC. (Plaintiff's Second Amended Complaint, ¶¶31 and 52-53) PLACER ARC is a non-profit private entity that operates an adult day care program, but it is not a public entity. (Plaintiff's Second Amended Complaint, ¶13) As Plaintiffs' Second Amended Complaint further alleges, "Lanterman Act eligible adults attend the Placer ARC program to increase vocational training, daily living practices, health and fitness, cognitive growth and other aspects of independent living." (Plaintiff's Second Amended Complaint, ¶13)

Plaintiff has not stated any viable claim against PLACER ARC for violation of §504 of the Rehabilitation Act of 1973 because its conclusory allegations that PLACER ARC is a so called "direct recipient" of federal funds is not buttressed by any actual facts. The fact that PLACER ARC receives funding in association with the Lanterman Act – a California law pertaining to the placement of individuals with disabilities – does not compel the conclusory assertion that PLACER ARC was a direct recipient of federal funds. As discussed more fully below, PLACER ARC's motion to dismiss should be granted without leave to amend.

## II. NEW ALLEGATIONS IN SECOND AMENDED COMPLAINT

After outlining the purported history of programs like Medicaid, Medi-Cal and Home and Community-Based Services Waivers ("HCBS") in paragraphs 5 through 9 of their Second Amended Complaint, Plaintiffs add the following potentially relevant information pertaining to PLACER ARC:

> Regional centers purchase HCBS program services through what are called "vendors." Vendors are responsible to ensure their programs *comply with the federal requirements* of the HCBS program in order to continue to receive the federal Medi-Cal dollars. HCBS vendors are not receiving federal financial assistance pursuant to a government procurement contract. HCBS vendors receive federal financial assistance to ensure community-based services are available for eligible recipients to prevent the institutionalization of those recipients and to protect their health and safety. HCBS vendors have to sign a contract stating they will comply with the federal HCBS program requirements. Over the years the federal government has required HCBS programs to become more community based which has required such programs to alter the nature and scope of their service delivery models. (Plaintiff's Second Amended Complaint, ¶9)

> Defendant Alta California Regional Center is a state and federal funded non-profit entity charged with the responsibility of coordinating and developing the supports and services guaranteed

> by the Lanterman Act. Approximately half of California Alta Regional Center's funding in through federal dollars pursuant to the HCBS program. California Alta Regional Center purchases services with state and federal dollars from private businesses and private non-profit entities (also known as "vendors") such as On My Own and Placer Arc. (Plaintiff's Second Amended Complaint, ¶10)
>
> The day program services Placer ARC provided to Kimi were federally funded pursuant to the HCBS program discussed above. In addition to receiving federal funds by providing Kimi with adult day services, during the time period in question, Placer ARC applied for and received additional HCBS funding ($50,000) to purchase vehicles (including wheelchair accessible vehicles) to bring their program into federal compliance by offering greater community-based opportunities. (Plaintiff's Second Amended Complaint, ¶13)
>
> When Congress passed the HCBS waiver program they did so with the intent of providing direct financial assistance to HCBS providers in an effort to support community-based programs and to prevent individuals like Kimi from being institutionalized. (Plaintiff's Second Amended Complaint, ¶14)

The only other additions to the Second Amended Complaint counsel for PLACER ARC could identify that potentially impacted the claims against it were:

> Plaintiff is informed and believes, and on that basis alleges, that On My Own and Placer ARC are, and at all relevant times, were a recipient of federal funds, and that part of those funds were used in the operations, construction and/or maintenance of the specific public facilities and programs described herein and the activities that take place therein. California Alta Regional Center received substantial federal financial assistance to purchase Lanterman Act services from On My Own and Placer ARC. <u>Said federal financial assistance was earmarked for the precise community-based services that were provided by On My Own and Placer ARC.</u> (Plaintiff's Second Amended Complaint, ¶67, with the new claim underlined)

### III. LEGAL ARGUMENT

#### A. STANDARD OF REVIEW

A motion to dismiss should be granted under Rule 12(b)(6) if the complaint does not allege facts sufficient to "raise a right to relief above a speculative level…" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires more than "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements…" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, "the complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." (*Id.*) (internal quotation marks omitted).  "A claim has facial plausibility when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*).

In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and view them in light most favorable to the plaintiff. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).  This "assumption of truth" is "inapplicable to legal conclusions." (*Iqbal*, 129 S. Ct. at 1949.) Plaintiffs' allegations do not come close to meeting the *Iqbal* standard; rather the federal claims insufficiently allege retaliation or any other violations of §504 of the Rehabilitation Act and are entirely lacking in factual support

**B.  DEFENDANT PLACER ARC'S MOTION TO DISMISS PLAINTIFFS' FIRST AND SECOND CAUSES OF ACTION CHARGING VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT SHOULD BE GRANTED**

In order to state a claim under Section 504 of the Rehabilitation Act, the plaintiff must show that he or she: (1) is a handicapped person under the Act; (2) is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him or her on the basis of the handicap.  *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110 (N.D. Cal. 2011)

In this case, Plaintiffs once again assert, in vague and conclusory fashion and without any significant alteration from the First Amended Complaint previously struck down by this Court, that Placer ARC was a recipient of federal funds (Plaintiffs' Second Amended Complaint, ¶¶67 and 75).  Significantly, however, Plaintiffs do not provide any facts pertaining to the details of the alleged federal funding other than to indicate Placer ARC receives payments from the Regional Center (which received some federal funding) and that it applied for a grant to purchase a vehicle.   Plaintiffs allege that Placer ARC also received funding under the Lanterman Act. The fact that Placer ARC received funding under the Lanterman Act, a state statute, fails to demonstrate (and in fact contradicts) that it is a so-called "direct recipient of federal funding" sufficient to establish liability under the Rehabilitation Act.

/ / /

When this Court ruled upon Placer ARC's first Motion to Dismiss it emphasized that the only facts pertaining to Placer ARC's alleged receipt of federal funds were the following:

1. Alta California Regional Center is a recipient of federal funds;

2. Alta California Regional Center purchased services with state and federal dollars from private businesses and private non-profit entities such as Placer ARC to support individuals served under California Welfare and Institutions Code section 4500 *et seq*;

3. Placer ARC is contracted with Alta California Regional Center to provide adult day program services;

4. Plaintiff is served by Alta California Regional Center; and

5. Placer ARC is a non-profit entity that runs an adult day program.

(Court Order dated July 10, 2019, at Page 3, Line 22 to Page 4, Line 3)  This Court has already concluded these types of conclusory allegations are insufficient to maintain a cause of action under Section 504 of the Rehabilitation Act when it wrote in granting Placer ARC's initial Motion to Dismiss: "Under these facts, Placer ARC is not a recipient of federal assistance under the Rehabilitation Act." (Court Order dated July 10, 2019, at Page 4, Lines 24-25)

Despite this clear assertion by this Court, Plaintiffs' attempt to re-allege the same two causes of action by adding scant additional details related to the purported receipt of federal funding by Placer ARC.  This effort should be rejected by this Court and this case should proceed with the remaining causes of action against Placer ARC.

## IV.   CONCLUSION

Based on the authorities discussed herein, Defendant PLACER ARC respectfully requests the order of the Court granting its Motion to Dismiss without leave to amend.

DATED:  August 6, 2019                **LEVANGIE LAW GROUP**

By:  /s/ Jeffery C. Long
JEFFERY C. LONG
Attorneys for Defendant
PLACER ARC

*Kimiko P. v. Alta California Regional Center*
United States District Court Eastern District of California 2:19-cv-00068-KJM-CKD

# PROOF OF SERVICE

I, the undersigned, declare that I am, and was at the time of service of the papers herein referred to, over the age of 18 years and not a party to the within action or proceeding. My business address is 2021 N Street, Sacramento, California, 95811, which is located in the county in which the within-mentioned service occurred.

On this date, I served the following document(s): **NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to each addressee named below:

| | |
|---|---|
| Richard Ruderman<br>Ruderman & Knox, LLP<br>1300 National Drive, Ste. 120<br>Sacramento, CA 95834<br>Telephone: (916) 563-0100<br>Fax: (916) 563-0114<br>rick@rudermanknox.com<br>colleen@rudermanknox.com<br>lindsey@rudermanknox.com<br>adrie@rudermanknox.com<br>**ATTORNEY FOR PLAINTIFF** | Daniel Robert Shaw<br>Shaw Firm<br>3196 S. Higuera St. Suite E<br>San Luis Obispo, CA 93401<br>805-439-4646<br>daniel@shawfirm.com<br>**ATTORNEY FOR PLAINTIFF** |
| David F. Beach<br>Oscar A. Pardo<br>PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ, LLP<br>438 First Street, Fourth Floor<br>Santa Rosa, CA 95401<br>Telephone: (707) 525-8800<br>Facsimile: (707) 545-8242<br>pardo@perrylaw.net<br>oscarpardo@comcast.net<br>schaap@perrylaw.net<br>**Attorneys for Defendant**<br>**ON MY OWN INDEPENDENT LIVING SERVICES, INC.** | Cynthia Gessford<br>Brian Plummer<br>SIMS, LAWRENCE & ARRUTI<br>2261 Lava Ridge Court<br>Roseville, CA 95661<br>Telephone: (916) 797-8881<br>Facsimile: (916) 253-1544<br>clawrence@sims-law.net; bsims@sims-law.net;<br>segan@sims-law.net; nschaeffer@sims-law.net;<br>joy@sims-law.net; brian@sims-law.net;<br>nicole@sims-law.net; jamie@sims-law.net<br>**Attorneys for Defendant**<br>**ALTA CALIFORNIA REGIONAL CENTER** |

[X]   (EFC) A true copy of said document(s) was/were e-filed with the U.S. District Court, Eastern District of California.  Once e-filed, these documents are transmitted through the court's ECF server to the interested parties to this action.

Executed on August 6, 2019, at Sacramento, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

                                              /s/ Holly Marquard
                                             Holly Marquard