UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMIKO P., a conserved adult; by and through her conservators MARIKO PESHON MCGARRY, RANDOLPH PESHON, and TERESA PESHON,<br><br>Plaintiff,<br><br>v.<br><br>ALTA CALIFORNIA REGIONAL CENTER, ON MY OWN INDEPENDENT LIVING SERVICES, INC. and PLACER ARC,<br><br>Defendants. | No.  2:19-cv-0068-KJM-CKD<br><br>ORDER |

This matter is before the court on two separate motions to dismiss. Plaintiff, Kimiko P., a conserved adult with autism, filed this suit through her conservators Mariko Peshon McGarry, Randolph Peshon and Teresa Peshon against defendants Alta California Regional Center, On My Own Independent Living Services, Inc. and Placer ARC (collectively "defendants") for lack of supervision leading to plaintiff's sexual exploitation. Having considered defendant Placer ARC's and defendant Alta California Regional Center's motions to dismiss plaintiff's second amended complaint the court GRANTS both motions to dismiss for the following reasons. Granting the motions moots defendants' impleader motion.

/////

I.  BACKGROUND

In her second amended complaint ("SAC"), plaintiff alleges five causes of action against defendants: (1) violation of the Rehabilitation Act of 1973, § 504; (2) retaliation under § 504; (3) negligent supervision; (4) general negligence and (5) violation of the California Unruh Civil Rights Act, Cal. Civ. Code section 51. *See generally* SAC, ECF No. 36.

   A.  Defendant Placer ARC

The court set forth the relevant facts in its order on defendant Placer ARC's first motion to dismiss and incorporates them by reference here.  First Mot. to Dismiss ("MTD") Order, ECF No. 35.

In that order, the court dismissed plaintiff's § 504 claims under the Rehabilitation Act against Placer ARC for failure to allege facts sufficient to suggest Placer ARC received a federal subsidy.  MTD Order at 5.  In its order, the court explained that the facts alleged in the first amended complaint showed Placer ARC is not the type of entity subject to the Rehabilitation Act.  *Id.*  The court recognized that granting leave to amend to supplement these facts "would likely be futile . . . [because] plaintiff has already amended her complaint with the benefit of having seen Placer ARC's motion to dismiss, suggesting she was not able to add additional facts to remedy this issue raised therein."  *See* First Am. Compl. ("FAC"), ECF No. 18; First MTD, ECF No. 12.

Defendant Placer ARC moves under Rule 12(b)(6) again to dismiss plaintiff's first and second causes of action: (1) violation of the Rehabilitation Act of 1973, § 504 and (2) retaliation under § 504.  Placer Second Mot. to Dismiss ("SMTD"), ECF No. 40.  Plaintiff opposes, Opp'n, ECF No. 49, and defendant has replied.  Reply, ECF No. 51.

   B.  Defendant Alta California Regional Center

In its second amended complaint, plaintiff asserts Alta California Regional Center (ACRC) is a "non-profit entity charged with the responsibility of coordinating and developing the supports and services guaranteed by the Lanterman Act."  SAC ¶ 10.  The Lanterman Act "passed in 1977, [to] ensure that individuals with developmental disabilities had the right to supports and services to enable them to live more independent lives."  *Id.* ¶ 17.  Alta California Regional

2

1  Center is one of "twenty-one regional centers mandated to secur[e] supports and services in
2  addition to monitoring service providers" *Id.* ¶ 10.  "Regional centers are responsible for using
3  the federal [Home and Community-Based Services] waiver dollars to coordinate, provide,
4  arrange, and purchase all HCBS Waiver services for eligible individuals like [plaintiff]" and "for
5  developing an [Individual Program Plan] that ensure[s] the health and welfare of individuals
6  receiving HCBS Waiver support services."  *Id.* ¶ 8.

7  Defendant Alta California Regional Center now moves to dismiss plaintiff's
8  second amended complaint in its entirety pursuant to Rule 12(b)(1) for lack of subject-matter
9  jurisdiction based on the doctrine of failure to exhaust administrative remedies.  Alta California
10 Regional Center Mot. to Dismiss ("Alta Cal. MTD"), ECF No. 43.  In the alternative, plaintiff
11 also argues the first, second, and fifth causes of action should be dismissed under Rule 12(b)(6).
12 They are (1) violation of the Rehabilitation Act of 1973, § 504; (2) retaliation under § 504; and
13 (3) violation of the California Unruh Civil Rights Act, Cal. Civ. Code section 51.  *Id*.  Plaintiff
14 opposes, Opp'n, ECF No. 48, and defendant replied, Reply, ECF No. 50.

15 II.     LEGAL STANDARD

16      A.     Rule 12(b)(1)

17 "Federal courts are courts of limited jurisdiction . . . [and] it is to be presumed that
18 a cause lies outside this limited jurisdiction" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.
19 375, 377 (1994).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defending party
20 may move to dismiss a complaint for "lack of subject-matter jurisdiction."  A "jurisdictional
21 attack can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "If the
22 motion to dismiss constitutes a facial attack, the [c]ourt must consider the factual allegations of
23 the complaint to be true." *Allen v. Santa Clara Cty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d
24 998, 1001 (E.D. Cal. 2019).  "It then becomes necessary for the party opposing the motion to . . .
25 satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."
26 *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

27 /////
28 /////

B.     Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d

4

1480, 1484 (9th Cir. 1995); *but see Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

III.     DISCUSSION

The court does not address each claim separately because doing so is unnecessary to resolve the instant motions.

   A.     Liability of Placer ARC

Defendant argues plaintiff has failed to cure the defects that plagued the initial complaint and, as such, both claims under the Rehabilitation Act should be dismissed. Placer SMTD at 1; *see generally* MTD Order.

In opposition, plaintiff maintains the second amended complaint sufficiently alleges defendant is the recipient of federal funds and "the fact that Placer ARC receives federal funds through an intermediary source, i.e., Alta California Regional Center, is no basis to dismiss the Complaint." Opp'n at 3. Plaintiff relies on *Grove City College v. Bell*, 465 U.S. 555, 556 (1984), where the Court held "Title IX coverage is not foreclosed merely because federal funds are granted to the students rather than to the College's educational programs." In reply, defendant argues "[t]here is an enormous difference between having to use a [Basic Educational Opportunity Grant] subsidy to purchase an education and The Rehabilitation Act funding provided to organizations like [defendant] ALTA CALIFORNIA REGIONAL CENTER to purchase whatever services are needed for a qualifying recipient . . . the later [sic] scenario is a purchase of services and not a subsidy for the program." Reply at 5. The court addresses these arguments as necessary below.

The Rehabilitation Act covers only the recipients of federal financial assistance and not the recipients of compensatory payments for services. *Jacobson v. Delta Airlines, Inc.*, 742 F. 2d 1202, 1209 (9th Cir. 1984). Section 504 of the Rehabilitation Act prohibits discrimination "under any program or activity receiving federal financial assistance." 29 U.S.C. § 794 (1982). *See* MTD Order at 4 ("Federal financial assistance means any grant, loan, contract (other than a procurement contract or a contract of insurance or guaranty), or any other

5

arrangement by which the Department provides or otherwise makes available assistance . . ." (quoting 45 C.F.R. § 84.3(h)(2005)). "[P]ayments that include a subsidy constitute 'Federal financial assistance' within the meaning of the Rehabilitation Act." *Jacobson*, 742 F.2d at 1209.

Here, plaintiff has still not pled facts indicating Placer ARC receives some form of federal subsidy. Rather, plaintiff pleads, "Regional centers purchase [Home and Community-Based Services (HCBS) Waiver] program services through what are called 'vendors.'" SAC ¶ 9. HCBS vendors do not receive "financial assistance pursuant to a government procurement contract." *Id.* Vendors such as Placer ARC are "private businesses and private non-profit entities," *id.* ¶ 10, which "have to sign a contract stating they will comply with the federal HCBS program requirements," *id.* ¶ 9. Plaintiff relies on *Grove City College* and the definition of "subsidy" in Black's Law Dictionary (11th ed. 2019) ("A grant, usually made by the government, to any enterprise whose promotion is considered in the public interest") for the general proposition that Placer ARC is "an adult community day program subsidized through federal and state funds." Opp'n at 2–3. The court is not persuaded by this argument or dictionary definition because the complaint does not plead facts demonstrating how the purchase of HCBS Waiver services constitutes a subsidy in the meaning of the provided dictionary definition. Even assuming the truth of plaintiff's allegations, Placer ARC is not a recipient of federal assistance under the Rehabilitation Act. *See Jacobson*, 742 F.2d at 1209 (party receives federal financial assistance "only if it is benefiting in its dealings with the government to a greater extent than if it were dealing with another party"). Therefore, plaintiff has not sufficiently pled a violation of section 504 of the Rehabilitation Act against defendant Placer ARC. The court GRANTS defendant's motion to dismiss plaintiff's claims for violations of the Rehabilitation Act, including retaliation under the Act.

Whether to grant a plaintiff's request for leave to amend is a matter of discretion, which discretion is "especially broad" after one or more previous amendments. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). Leave to amend may be denied if, for example, an amendment would be futile. *Id.* at 1160. Here, to the extent the court grants

/////

1   defendant's motion, it denies leave to amend for the same reasons previously explained in the
2   court's first order granting defendant's motion to dismiss.  *See* ECF No. 35 at 3-5.

3      B.   <u>Liability of Alta California Regional Center</u>

4      Defendant argues plaintiff failed to exhaust her administrative remedies under the
5   Lanterman Act and, as a result, "the court lacks subject matter jurisdiction over the claims made
6   by [p]laintiff in her second amended complaint and the case should be dismissed pursuant to
7   FRCP, rule 12(b)(1)." Mot. to Dismiss ("MTD"), ECF No. 43 at 3, 6.  Defendant invokes
8   *Michelle K. v. Superior Court*, 221 Cal. App. 4th 409, 442 (2013), where the court observed the
9   Lanterman Act's "administrative fair hearing procedures allow a developmentally disabled person
10  to challenge any specific decision a regional center or developmental center makes to reduce,
11  terminate, change, or deny that person services. (§§ 4706, 4710.)"  In opposition, plaintiff argues
12  "the administrative hearing provided by the Lanterman Act is not jurisdictional and should not
13  prevent [plaintiff] from asserting discrimination claims arising under other laws with no
14  exhaustion requirements." Opp'n, ECF No. 48 at 8.  In reply, defendant argues "[p]laintiff's
15  obligation to exhaust administrative remedies before resorting to the courts 'is not a matter of
16  judicial discretion, it is a matter of jurisdiction.'"  Reply, ECF No. 50 at 4.

17     The court acknowledges defendant is a regional center created pursuant to the
18  California Lanterman Developmental Disabilities Services Act ("Lanterman Act"), which is "a
19  comprehensive statutory scheme that seeks to prevent or minimize the institutionalization of
20  developmentally disabled persons . . . and to enable them to approximate the pattern of everyday
21  living of nondisabled persons of the same age and to lead more independent and productive lives
22  in the community." *Arc of California v. Douglas*, 757 F.3d 975, 979 (9th Cir. 2014) (quoting
23  *Sanchez v. Johnson*, 416 F.3d 1051, 1064 (9th Cir. 2005)).  "[T]he Lanterman Act guarantees an
24  applicant for or recipient of services or his or her representative 'who is dissatisfied with any
25  decision or action of the service agency' the right to an administrative fair hearing."
26  *Conservatorship of Whitley*, 155 Cal. App. 4th 1447, 1459 (2007).  Here, plaintiff asserts
27  defendant "failed to provide the service coordination the Lanterman Act required them to."
28  /////

1  SAC 44.  Defendant argues plaintiff's causes of action "are subject to the requirement of
2  administrative remedies" because the "issues relat[e] to the provision of services," Reply at 4.
3         Here, it is undisputed that plaintiff did not exhaust the administrative hearings to
4  redress any of her claims.  As justification, plaintiff relies on the statutory language to argue
5  exhaustion of administrative remedies is only a requirement if the relief sought by a consumer is
6  available under the Lanterman Act.  *See* Opp'n at 8.  The court is not persuaded by this argument.
7  The exhaustion requirement is supported by the language in the Lanterman Act itself.  Section
8  4706 provides in pertinent part:

> "[A]ll issues concerning the rights of persons with developmental disabilities to receive services under this division shall be decided under this chapter, including those issues related to fair hearings, provided under the medicaid home and community-services waiver granted to the State Department of Health Services."

Cal. Welf. & Inst. Code § 4706.

       Moreover, "[i]t is well settled that if an administrative remedy is provided by statute, relief must be sought from the administrative body and such remedy must be exhausted before judicial review of the administrative action is available . . . Accordingly, the exhaustion of an administrative remedy has been held *jurisdictional* in California." *Conservatorship of Whitley*, 155 Cal. App. 4th at 1463-64 (emphasis in original); *Sierra Club v. San Joaquin Local Agency Formation Com.,* 21 Cal. 4th 489, 510 (1999) ("The general exhaustion rule remains valid: Administrative agencies must be given the opportunity to reach a reasoned and final conclusion on each and every issue upon which they have jurisdiction to act before those issues are raised in a judicial forum").  Finally, the exhaustion requirement "promotes the development of a more complete factual record, allowing the administrative decision maker an opportunity to apply his or her expertise, both of which assist later judicial review if necessary." *Conservatorship of Whitley*, 155 Cal. App. 4th at 1463–64.

       Accordingly, exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts, and the court GRANTS defendant's motion to dismiss plaintiff's second amended complaint. This renders moot defendant's motion for leave of court to file a third-party complaint.  Impleader Mot., ECF No. 41.  Impleading a third-party is

appropriate "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 126 (C.D. Cal. 2008).  Therefore, said motion is DENIED.

IV.     CONCLUSION

This order resolves ECF No. 40, ECF No. 41 and ECF No. 43. The motions are GRANTED as follows:

(1) The claim for violation of section 504 of the Rehabilitation Act against Placer ARC is DISMISSED with prejudice.

(2) All the claims against Alta California Regional Center are DISMISSED with leave to amend.

(3) Motion for leave of court to file a third-party impleader complaint is DENIED as MOOT.

(4) Plaintiffs shall file an amended complaint within fourteen days.

IT IS SO ORDERED.

DATED:  October 19, 2020.

CHIEF UNITED STATES DISTRICT JUDGE