UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimiko P., a conserved adult; by and through her conservators Mariko Peshon McGarry, Randolph Peshon, and Teresa Peshon,,<br><br>Plaintiffs,<br><br>v.<br><br>Alta California Regional Center, On My Own, and Placer ARC,<br><br>Defendants. | CASE NO.: 2:19-cv-00068-KJM-CKD<br><br>**PLAINTIFF'S ORDER FOR APPROVAL OF SETTLEMENT ON BEHALF OF A CONSERVED ADULT** |

This proposed settlement would resolve a claim of liability for defendant's inability to prevent self-destructive sexual practices by a conserved adult placed in their care. Compl., ECF No. 5–6.

District courts have a duty to protect the interests of minor or incompetent litigants. *See* Fed. R. Civ. P. 17(c)(2) (requiring court "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). This special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of " the protected person. *Robidoux v.*

*Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also* E.D. Cal. L. R. 202(b) ("No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.").

The Ninth Circuit instructs district courts to "limit the scope of their review to the question of whether the net amount distributed to each [ ] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [plaintiff's] specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This requires the court to "evaluate the fairness of each [ ] plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182.

Having read and considered the Plaintiff's Petition for Approval of Kimiko P.'s Petition For Approval of Settlement the court finds good cause for the relief sought therein, and it is hereby ordered that:

1. The petition is granted and the Kimiko P.'s compromise is approved.
2. The District shall issue a check in the amount of $10,000 to plaintiff's counsel, the Shaw Firm, which is directed to deposit the full amount in its client trust account.
3. Once Kimiko P.'s conservators have established an ABLE Savings Account, the Shaw Firm is directed to deposit the $10,000 in that account.
4. The parties are to file a stipulated dismissal as to Placer ARC only, within thirty days of delivery of the settlement proceeds.

IT IS SO ORDERED.

DATED: November 5, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

Case No.: 2:19-cv-00068-KJM-CKD