1  F. Richard Ruderman (SB No. 142226)
   Christian M. Knox (SB No. 171780)
2  **Ruderman & Knox, LLP**
   1300 National Drive, Ste. 120
3  Sacramento, CA 95834
   Telephone: (916) 563-0100
4  Facsimile: (916) 563-0114

5  Daniel R. Shaw (SB No. 281387)
   daniel@shawfirm.com
6  **Shaw Firm**
   3196 S. Higuera St. Suite E
7  San Luis Obispo, CA 93401
   Telephone: (805) 439-4646
8  Facsimile: (805) 301-8030

9  Attorneys for Plaintiff

10

11                    **UNITED STATES DISTRICT COURT**

12                    **EASTERN DISTRICT OF CALIFORNIA**

13

14  Kimiko P., a conserved adult; by and through      CASE NO.: 2:19-cv-00068-KJM-CKD
    her conservators Mariko Peshon McGarry,
15  Randolph Peshon, and Teresa Peshon,,
                                                       **PLAINTIFF'S PETITION FOR**
16            Plaintiffs,                              **APPROVAL OF SETTLEMENT ON**
                                                       **BEHALF OF A CONSERVED ADULT**
17            v.

18  Alta California Regional Center, On My Own,
    and Placer ARC,
19
              Defendants.
20

21

22        Plaintiff Kimiko P., by and through her conservators, petitions the Court for approval of

23  the parties' proposed settlement of this matter on behalf of a conserved adult as to On My Own

24  Independent Living Services ("OMO") and Alta California Regional Center ("ALTA").

25  ///

26  ///

27  ///

28

**<u>Declaration of Daniel Shaw in Support of Plaintiff's Motion for Order Confirming</u>**

**<u>Settlement</u>**

I, DANIEL SHAW, declare as follows:

1.  I am an attorney duly licensed to practice in the State of California.  I am one of the attorneys representing Plaintiff herein.  I have personal knowledge of the matters declared herein and could testify truthfully thereto of called as a witness.

2.  Interest of Kimiko P.'s Attorney Pursuant to Local Rule 202(c):

    a.  I was retained by Kimiko P.'s conservators to represent her.

    b.  This case was not referred to the Shaw Firm or Ruderman & Knox by any Defendant.

    c.  The Shaw Firm or Ruderman & Knox has no relationship with any Defendant.

    d.  Our retainer agreement entitled us to take my attorneys' fees or a percentage of the net recovery, whichever is greater.  We have elected to not take any fees because of the small amount of this settlement.

3.  On or about December, 2020, Plaintiff, OMO, and ALTA agreed to a global settlement of all claims as discussed herein.

4.  This Petition is being filed to finalized the settlement agreement which resolves all disputes between the Parties through December 14, 2020.

**<u>Information Required By Local Rule 202(b)(2)</u>**

5.  Kimiko P. is a conserved adult.

6.  Kimiko P., by and through her conservators, asserted claims against Placer ARC for alleged violations of Section 504 of the Rehabilitation Act of 1973, Retaliation under Section 504 of the Rehabilitation Act of 1973, Negligent Supervision, General Negligence, and the Unruh Civil Rights Act.

7.  Kimiko P. sought damages for harm caused by the alleged actions/inactions of Placer ARC, including compensatory damages, general damages, and special damages.

8.  ALTA has been dismissed from Plaintiff's case.

///

Case No.: 2:19-cv-00068-KJM-CKD

9.      Kimiko P.'s conservators have agreed to resolve claims against ALTA and OMO in the amount of $15,000.

### The Proposed Settlement

10.      The Settlement Agreement resolved fully, finally, and forever any and all known and unknown claims, rights, demands, or causes of action between Kimiko P., ALTA, and OMO that were raised or could have been raised up to December 14, 2020.

         a.   Within in thirty days of approval of this Petition, OMO will issue a check in the amount of $15,000 to be deposited into the Shaw Firm's client trust account.

         b.   Kimiko P.'s conservators will establish an ABLE Savings Account. Once the account is established, the Shaw Firm will deposit the funds into the account as discussed herein.

         c.   The purpose of the ABLE Savings Account is to protect Kimiko P.'s ability to continue to receive public benefits. The ABLE Savings Account will be monitored by Kimiko P.'s conservators as they are required to do pursuant to this conservatorship.

### The Proposed Settlement is Fair to the Minor Plaintiff

11.      "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir.2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).

12.      When considering a proposed settlement in suits involving minor plaintiffs, the district court is required to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id*., (quoting *Dacanay*) In *Robidoux*, the Ninth Circuit held that district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."

*Id.* at 1181–82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel— whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

13. Kimiko P.'s conservators have determined they want to resolve Plaintiff's case and move forward in attempt to work with ALTA and focus on future programming for Kimiko P. Kimiko P. is no longer living in a supported living setting on her own. Kimiko P. now resides with her conservator where she can be kept safe. Given the unlikelihood of success on the remaining issues in her case, Kimiko P.'s conservators prefer a resolution so all Parties can move forward.

14. In accordance and based on the forgoing, the parties respectfully request that the Court approve the proposed Settlement Agreement and the distribution of settlement funds as described herein.

15. Plaintiff's counsel respectfully requests that the Court approves the settlement on behalf of Kimiko P.

I declare under penalty of perjury that the forgoing is true and correct and that is executed in San Luis Obispo, California on March 2, 2021.

Respectfully submitted,

Dated: March 2, 2021                          /S/ DANIEL R. SHAW
                                              Daniel R. Shaw
                                              Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kimiko P., a conserved adult; by and through her conservators Mariko Peshon McGarry, Randolph Peshon, and Teresa Peshon,, <br><br> Plaintiffs, <br><br> v. <br><br> Alta California Regional Center, On My Own, and Placer ARC, <br><br> Defendants. | CASE NO.: 2:19-cv-00068-KJM-CKD <br><br> **ORDER FOR APPROVAL OF SETTLEMENT ON BEHALF OF A CONSERVED ADULT** |

Having read and considered the Plaintiff's Petition for Approval of Kimiko P.'s Petition For Approval of Settlement the Court finds good cause for the relief sought therein, it is hereby ordered that:

1. The petition is granted and the Kimiko P.'s compromise is approved;

2. On My Own shall issue a check in the amount of $15,000 to the Shaw Firm.

3. Kimiko P.'s conservators will be directed to deposited the money in an ABLE Savings Account; and

1     4. The parties are to file a stipulated dismissal within thirty days of delivery of the

2     settlement proceeds as to Placer ARC only.

3

4     IT IS SO ORDERED.
    This order resolves ECF No. 75. The case was closed in error on March 23, 2021.

5     The court directs the Clerk of Court to reopen this case to allow for this order to be
    filed.

6
   DATED: April 28, 2021.

7

8                     CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28